```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JP MORGAN CHASE BANK, N.A.,

                        Plaintiff,
                                                AMENDED
        -against-                               MEMORANDUM & ORDER
                                                11-CV-2514(JS)(GRB)
M/Y FORTUNA (O.N. 1084138), her
engines, tackle, equipment, and
appurtenances, in rem, and NEIL
GOODMAN, in personam,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Daniel H. Wooster, Esq.
                    Palmer, Biezup & Henderson LLP
                    190 N. Independence Mall W., Suite 401
                    Philadelphia, PA 19106

                    Richard Q. Whelan, Esq.
                    Palmer, Biezup & Henderson LLP
                    140 Broadway, 46th Floor
                    New York, NY 10005

For Defendants:     No appearances.
```

SEYBERT, District Judge:

Presently before the Court is Magistrate Judge Gary R. Brown's Report and Recommendation ("R&R"), issued on February 12, 2013. For the following reasons, the Court ADOPTS this R&R in its entirety.

BACKGROUND

Plaintiff JP Morgan Chase Bank, N.A. ("Plaintiff") commenced this action on May 25, 2011 against the vessel M/Y Fortuna (O.N. 1084138), her engines, tackle, equipment, and

appurtenances (the "Vessel") in rem and against Neil Goodman in personam asserting claims pursuant to the Maritime Commercial Instruments and Liens Act, 46 U.S.C. §§ 31325(b)-(c). On June 27, 2011, this Court issued a warrant to arrest the Vessel. (Docket Entry 6.) On July 7, 2011, the United States Marshal Service seized the Vessel and transferred it into the custody of Lab Marine, Inc. for storage. (Docket Entries 10-11.) Plaintiff published a notice of vessel arrest on September 7, 2011 and served process on Defendant Goodman on October 18, 2011. (Docket Entries 8-9.) Neither Defendant Goodman nor any other potential claimant answered or otherwise appeared in this action.

On January 31, 2012, Plaintiff moved for an entry of default, which was entered by the Clerk of the Court that same day. (Docket Entries 12-13.) On April 13, 2012, Plaintiff moved for default judgment, and on April 20, 2012, the Court referred Plaintiff's motion to Judge Brown for an R&R. (Docket Entries 14-15.)

Judge Brown issued his R&R on February 12, 2013 recommending that: (1) Plaintiff's motion for default judgment be granted; (2) judgment be entered in the amount of $68,395.72 against the Vessel; and (3) the Court order the sale of the Vessel, with any proceeds from the sale exceeding the amount of the judgment to be paid to the Court.

2

No party has objected to any portion of Judge Brown's R&R.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Here, no party has objected to Judge Brown's R&R, and the Court finds it to be correct, comprehensive, well-reasoned and free of any clear error. Accordingly, the Court ADOPTS Judge Brown's R&R in its entirety.

## CONCLUSION

Judge Brown's R&R is ADOPTED in its entirety, and Plaintiff's motion for a default judgment is GRANTED.

It is hereby ORDERED that:

(1) judgment be entered in the amount of $68,395.72 against the Vessel;

(2) the Vessel be sold in accordance with 46 U.S.C. § 31326;

(3) notice of the sale be published in Newsday each day for six days prior to the sale;

(4) the terms of the sale shall be as follows:

    (a) The Vessel shall be sold to the highest bidder, "as is, where is," free and clear of all liens, claims and encumbrances whatsoever;

    (b) The successful bidder shall pay to the U.S. Marshal at the time of sale a deposit of at least $1,000.00 or ten percent of the bid, whichever is greater, by certified or cashier's check;

    (c) The successful bidder shall pay the balance of the purchase price by delivery of a certified or cashier's check to the U.S. Marshal within 36 hours following the sale;

    (d) If the balance of the purchase price is not paid by the successful bidder within the time required, the deposit shall be forfeited by the bidder and shall be applied to administrative and custodia legis expenses;

    (e) Notwithstanding the foregoing paragraphs (b) through (d), Plaintiff or its assigns may bid the whole or part of the amount of Plaintiff's judgment at the sale and if Plaintiff does so and is the successful bidder, it need not pay a deposit at the time of sale or pay the purchase price to the extent that its successful bid is equal to or less than the amount of Plaintiff's judgment, but in that event, Plaintiff shall satisfy all costs and fees of the U.S. Marshal, including all administrative and custodia legis expenses and any statutory commission owed to the U.S. Marshal to the extent such amounts remain unpaid when the sale is confirmed;

(5) the sale shall be deemed automatically confirmed if the terms of the sale have been performed in all respects and no written objection to the sale has been filed within three business days after the sale;

4

    (6)  once the sale is confirmed, the U.S. Marshal shall deliver a Bill of Sale conveying the vessel to the confirmed purchaser, "as is, where is," free and clear of all liens, claims, and encumbrances whatsoever; and

    (7)  any proceeds from the sale exceeding the amount of the judgment shall be paid to the Court.

The Clerk of the Court is directed to enter a judgment consistent with this Amended Memorandum and Order and to mark this matter CLOSED, without prejudice to Plaintiff's right to move to reopen the case at the appropriate time for the purpose of seeking a deficiency judgment *in personam*.

                              SO ORDERED.

                              /s/ JOANNA SEYBERT_____
                              Joanna Seybert, U.S.D.J.

Dated:    March  20  , 2013
           Central Islip, NY